UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VALMONT INDUSTRIES, INC., a Delaware
Corporation,

Plaintiff,

v.                                                                    Case No.  5:08-cv-81-Oc-10GRJ

SUSIE'S STRUCTURES, INC., a Florida
Corporation, and ZIEGLER BOLT AND PARTS
CO. d/b/a ZIEGLER BOLT & NUT, an Ohio
Corporation,

Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Amended Motion For Entry Of Final

Judgment By Clerk After Entry Of Default Against Defendant Susie's Structures, Inc.

(Doc.  26).  This matter is before the Court upon written referral from the District Judge.

(Doc. 28.)  On July 30, 2008, the undersigned issued an Order directing Plaintiff,

Valmont Industries, Inc.  to file a written response addressing the issue of whether

service of process was properly perfected upon Defendant Susie's Structures, Inc.

(Doc. 29.) Plaintiff timely filed its response (Doc. 30), and thus, this matter is ripe for

review.  For the reasons discussed below, Plaintiff's Amended Motion is due to be

**GRANTED**.

_____

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local
Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely
objections shall bar the party from a *de novo* determination by a district judge and from attacking factual
findings on appeal.

## I.  BACKGROUND

On February 21, 2008, Plaintiff filed this action against Defendants, Susie's Structures, Inc. ("Susie's"), a Florida corporation and Ziegler Bolts and Parts, Co. d/b/a Ziegler Bolt & Nut ("Ziegler Bolts"), an Ohio corporation. (Doc. 1.)   Plaintiff alleges that from April 2007 through June 2007, it sold certain steel products to Susie's on credit

According to the Florida Department of State Division of Corporations website, the registered agent for Susie's is listed as David A. Ziegler, and his address, as well as the principal address for Susie's, is 23820 County Rd. 561, Astatula, FL 34705. However, it is noted that David A. Ziegler resigned as registered agent on December 10, 2007, and no subsequent registered agent was designated.  William A. Ziegler (David's father) was identified as the only corporate officer (both "ST" and "CEO") and his address is listed as 23820 County Rd. 561, Astatula, Florida 34705.  The website also contains the December 10, 2007 resignation of Vera Ziegler (David's wife) as Vice President and the resignation of David A. Ziegler as President.

On February 21, 2008, the initial summons was issued and contained the following address:

> Susie's Structures, Inc.
> By service on its Registered
> Agent: William A. Ziegler[2]
> 23820 C.R. 561
> Astatula, FL 34705
>
> OR

---

[2] Plaintiff represents that the initial summons was issued to William A. Ziegler instead of David Ziegler because of the resignation of David Ziegler on file.  However, there is no evidence suggesting that William Ziegler ever was designated as registered agent.

In the absence of the Registered Agent
by service on the corporation as allowed by Section 48.081,
Florida Statues a copy of which is attached.

The process server was unsuccessful in his efforts to serve Susie's at 23820 C.R. 561

Astatula, FL 34705 and noted that the "address given is vacant."[3]  He also "attempted

service at 23800 CR 561, Astatula, FL 34705 but found that the "address is fenced in

the same area as the first address and is also vacant."[4]

Plaintiff represents that it subsequently learned of the death of William Ziegler.[5]

Plaintiff reviewed files of other pending state court cases against Susie's and

discovered another address for David Ziegler – 1346 Linstock, Holiday, Florida 34690.

Accordingly, on April 22, 2008 an Alias Summons was issued with the following

address:

Susie's Structures, Inc.
By service on
David A. Ziegler
1346 Linstock
Holiday, Florida 34690

On May 8, 2008 service of process was made on Vera Ziegler, at 1346 Linstock,

Holiday, Florida 34690. (Doc. 20.)

After Susie's failed to file a responsive pleading, Plaintiff filed its Motion For

Default Against Susie's (Doc. 21) and the Clerk entered Default against Susie's on June

3, 2008. (Doc. 23.)  On June 12, 2008, Plaintiff filed its motion requesting that the Court

---

[3] See Doc. 15.

[4] Id.

[5] See Doc. 30, Exhibit B; Doc. 11 at ¶13.

3

enter final default judgment against Susie's. (Doc. 26.)  In support of Plaintiff's motion,

Plaintiff has filed the affidavit of Joseph A. Ulrich, Manager of Customer Finance for the

Industrial Products division of Valmont Industries, Inc., with attachments, including

invoices and accounts receivable reports. (Doc. 26, Exhibit B.)

Because the Court had concerns as to whether service of process was properly

perfected upon Susie's, the Court directed Plaintiff to file a response addressing that

issue. (Doc. 29.)  In its response, Plaintiff argues that service was properly perfected

upon Susie's by service of the summons on Vera Ziegler on May 8, 2008 because she

is a former officer of Susie's and she is the wife of David Ziegler, who was the former

president and only registered agent for Susie's.  Plaintiff further argues that David

Ziegler, the registered agent for Susie's is aware of the proceedings because he has

been personally served in the same action and has already been deposed in this

action.[6]  Finally, Plaintiff argues that at the time of the issuance of the summons and

alias summons, there were no other known officers, shareholders, registered agents or

employees of Susie's.

## II. DISCUSSION

### A.    Service Was Proper

In determining whether a default judgment should be entered against Susie's, the

Court must first determine whether Plaintiff obtained proper service of process on

---

[6]  David Ziegler is also a third-party defendant in this action and there is no dispute that on July 25, 2008 he was personally served with the Third-Party Complaint filed against him by Ziegler Bolts.  (Doc. 31.) On October 9, 2008, Ziegler Bolts moved for the entry of a clerk's default against David Ziegler.  (Doc. 32.) The next day, David Ziegler filed an answer to the Third-Party Complaint.  (Doc. 34.)  Accordingly, the Court denied the motion for entry of a clerk's default. (Doc. 35.)

4

Susie's.  Process was purportedly served on Susie's by serving the necessary papers on Vera Ziegler at 1346 Linstock, Holiday, Florida 34690. (Doc. 20.)

Federal Rule of Civil Procedure 4(h), which incorporates by reference Federal Rule of Civil Procedure 4(e)(1), provides that a corporation may be served with process either (a) pursuant to the law of the state in which the District Court is located, or in which service is effected; or (b) by delivery to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

Pursuant to Florida Statute, §48.081(1), process may be served by delivery to a hierarchical list of corporate actors – president or vice president or other head of corporation; cashier, treasurer, secretary, or general manager; director; or any officer or business agent residing in the state.  As an alternative, process may be served on the registered agent designated by the corporation pursuant to §48.091.   Pursuant to §48.091, every Florida corporation is required to designate a registered agent and registered office and to keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and during those hours, to have a registered agent available in the office upon whom process may be served. If service cannot be made on a registered agent because of failure to comply with §48.091, service of process is permitted upon any employee at the corporation's principal place of business or upon any employee of the registered agent."[7]

---

[7] 48.081(3)(a).

5

In this case, at the time of service, Susie's was an active Florida corporation.[8] However, Susie's president and vice-president had resigned five months earlier, the only other officer/director had passed away and the registered agent had resigned.   No successors were named.   Moreover, the address identified as Susie's principal address, which also was the address for the registered agent and the address for the only other officer/director – 23820 County Rd 561, Astatula, FL 34705 -- was vacant. Accordingly, none of the corporate actors identified in §48.081(1) were available for service of process nor was there a registered agent or a registered office.   While an active Florida corporation ordinarily may not be served through its former employees,[9] Plaintiff had no other option than to serve David Ziegler or Vera Ziegler – former officers/owners of Susie's and the only two living persons known to have any connection with Susie's.[10]

Moreover, in determining whether service upon an agent is sufficient to constitute service upon a corporation the primary concern "is whether or not, in fact, the

---

[8] On September 26, 2008, Susie's was administratively dissolved for failure to file an annual report. See http://www.sunbiz.org/corinam.html (Search for "Susie's Structures, Inc.")

[9] See e.g., International Steel Truss Company v. Artec Group, Inc., 824 So.2d 340 (Fla. App. Ct. 2002)(service of process on corporation through former employee was ineffective where he had never been an officer, director, shareholder or registered agent of the corporation and it had been over two years since he had left his employment with corporation.)

[10] The Court is unaware of any Florida case addressing these specific facts.  However, Plaintiff cited Evarts v. The Killingworth Manufacturing Company, 20 Conn. 447, 1850 WL 697 (Conn. 1850) in which the Supreme Court of Errors of Connecticut found that where the corporation's principal place of business had been sold and the only living officer had resigned without successors being named, reasonable service would be sufficient to serve a copy of the summons and complaint at the dwelling house of the corporation's only stockholder.   The Court explained that the corporation cannot dissolve itself indirectly by having all living representatives resign, and by refusing to appoint successors "thus reducing themselves to a mere impalpability and creature of the imagination."

6

corporation will receive notice of the action."[11]  Here, service was made on Vera Ziegler, the former vice president of Susie's and  the wife of David Ziegler, who was named individually in this lawsuit and who has filed an answer and was scheduled to be deposed in late September 2008.  Thus, there is no question that Susie's received notice of this lawsuit.

Accordingly, based on the foregoing,  the undersigned finds that service of process was properly served on Susie's by serving the necessary papers on Vera Ziegler at 1346 Linstock, Holiday, Florida 34690.

### B.    Default Judgment Should Be Entered

Pursuant to Rule 55(b)(2), Fed. R. Civ. P., the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint and the Court may take into account affidavits and such other evidence as it deems necessary. Further,  "[T]he court may conduct hearings or make referrals ... when to enter or effectuate judgment, it needs to:  (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."[12] However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages.[13]

Based on the affidavit of Joseph A. Ulrich, and the attachments to the affidavit, the Court concludes that it is not necessary to conduct any hearing or to receive any

---

[11] Woodham v. Northwestern Steel & Wire Co., 390 F.2d 27, 30 (5th Cir. 1968)(quoting H Bell & Associates, Inc. v. Keasbey & Mattison Co., 140 So.2d 125 (Fla. App. 1962.)

[12] F.R.Civ.P. 55(b)(2).

[13] S.E.C. v. Smyth, 420 F.3d 1225, 1232 n. 13(11th Cir. 2005.)

evidence in order to resolve Plaintiff's motion for a final default judgment. The affidavit of Mr. Ulrich establishes that the amount of unpaid steel products provided to Susie's is $378,839.00.  Plaintiff is entitled to prejudgment interest on this liquidated sum from the date of loss – i.e., the date that each of the nine invoices became due.[14]  Pursuant to §55.03, Fla. Stat., the statutory interest rate for 2007 and 2008 set by the Chief Financial Officer of Florida is eleven (11%) percent per annum or 0.0003014 per day.[15]

Accordingly, as evidenced by the affidavit and attachments included with Plaintiff's motion, Plaintiff is entitled to prejudgment interest in the sum of $55,239.42[16] to October 20, 2008, and prejudgment interest from October 21, 2008 to the date of final judgment in the amount of $113.65 per day.

## III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Amended Motion For Entry Of Final Judgment By Clerk After Entry Of Default Against Defendant Susie's Structures, Inc. (Doc.  26) should be **GRANTED**.  Final Judgment should be entered in favor of Plaintiff, Valmont Industries, Inc. and against Defendant

---

[14] See Argonaut Insurance company v. May Plumbing Company, 474 So.2d 212 (Fla. 1985.) Loft v. Lapidus, 936 F.2d 633 (1st Cir. 1991)("A federal court should properly apply a forum state's prejudgment interest statute when sitting in a diversity case").

[15] See www.fldfs.com/aadir/interest.htm.

[16] The Court calculated this number as follows: (a) Invoice 20140: $52,461.00 x .0003014 = $15.81per day. $15.81 x 499 days = $7,890.06; (b) Invoice 20168: $40,268.00 x .0003014 = $12.14 per day. $12.14 x 495 days = $6,007.70; (c) Invoice 20199: $34,577.00 x .0003014 = $10.42 per day. $10.42 x 492 days = $5,127.38; (d) Invoice 20210: $40,268.00 x .0003014 = $12.14 per day. $12.14 x 488 days = $5,922.75; (e) Invoice 20221: $52,461.00 x .0003014 = $15.81per day. $15.81 x 485 days = $7,667.85; (f) Invoice 20229: $40,268.00 x .0003014 = $12.14 per day. $12.14 x 485 days = $5,886.34; (g) Invoice 20267: $40,268.00 x .0003014 = $12.14 per day. $12.14 x 474 days = $5,754.36; (h) Invoice 20325: $40,268.00 x .0003014 = $12.14 per day. $12.14 x 466 days = $5,657.24; (i) Invoice 20326: $38,000.00 x .0003014 = $11.45 per day. $11.45 x 465 days = $5,325.74.

Susie's Structures, Inc. in the sum of $378,839.00 in damages plus $55,239.42 in prejudgment interest to October 20, 2008 and thereafter prejudgment interest at the rate of $113.65 per day from October 20, 2008 to the date of final judgment.

**IN CHAMBERS** in Ocala, Florida, on October 21, 2008.

GARY R. JONES
United States Magistrate Judge

Copies to:
> The Honorable Wm. Terrell Hodges
> Senior United States District Judge

> Counsel of Record